**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GARY PEREZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1331** |
| **BURL CAIN, WARDEN** | **SECTION "J"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    State Factual and Procedural Background

The petitioner, Gary Perez ("Perez"), is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On August 22, 2005, Perez and two co-defendants, Ashley

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

S. Miller and Melissa Faye LeBlanc, were charged by bill of information in St. Tammany Parish with armed robbery.[3]

The record reflects that, on or about May 25, 2005, at approximately 11:30 p.m., Perez, while armed with a stun gun, robbed the convenience store at a Shell gas station near Slidell, Louisiana.[4] Perez brandished the weapon and demanded that the clerk, Jenna Tong, give him money. After Tong opened the cash register, Perez reached in and took money before fleeing the premises.

On June 14, 2006, and May 22, 2008, the charges against LeBlanc and Miller, respectively, were reduced to simple robbery.[5] The record does not indicate the disposition of the amended charge against LeBlanc. The record does indicate that, on May 22, 2008, Miller entered a plea of guilty to the amended charge and was sentenced to seven years in prison, which was suspended, and she was placed on probation for five years.[6]

Shortly before that, Perez was tried before a jury on May 19 and 20, 2008, and was found guilty of the lesser included offense of first degree robbery.[7] The State later filed a multiple bill on May 29, 2008, charging Perez as a fourth offender.[8] After conducting hearings on April 21 and May

---

[3]St. Rec. Vol. 1 of 6, Bill of Information, 8/22/05.

[4]The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal. *State v. Perez*, 30 So.3d 285 (La. App. 1st Cir. 2010) (Table); *State v. Perez*, No. 2009-KA-1754, 2010 WL 532328, at *1 (La. App. 1st Cir. 2/12/10); St. Rec. Vol. 4 of 6, 1st Cir. Opinion, 2009-KA-1754, p. 2, 2/12/10.

[5]St. Rec. Vol. 1 of 6, Bill of Information, 8/22/05 (as amended 6/14/06, 5/22/08).

[6]St. Rec. Vol. 4 of 6, Motion for Hearing To Revoke Probation (Miller), 8/10/11.

[7]St. Rec. Vol. 1 of 6, Trial Minutes, 5/19/08; Trial Minutes, 5/20/08; Jury Verdict, 5/20/08; Trial Transcript, 5/19/08; St. Rec. Vol. 2 of 6, Trial Transcript (continued), 5/19/08; Trial Transcript, 5/20/08.

[8]St. Rec. Vol. 3 of 6, Multiple Bill, 5/29/08.

15, 2009, the Trial Court issued written reasons finding Perez to be a third felony offender.[9]  The Court also denied Perez's motions for new trial and for post-verdict judgment of acquittal.[10]  Thereafter, on June 12, 2009, the Trial Court sentenced Perez as a third offender to serve 70 years at hard labor without benefit of parole, probation, or suspension of sentence.[11]

On direct appeal, Perez's appointed counsel argued that the sentence was excessive and that the prosecutor made an improper remark during closing argument.[12]  On February 12, 2010, the Louisiana First Circuit Court of Appeal affirmed his conviction, the habitual offender adjudication and the sentence.[13]  The Court denied relief on the first claim finding that, because no motion to reconsider was filed and under La. Code Crim. P. art. 881.1(E) and 881.2(A)(1), he was procedurally barred from having the claim reviewed on appeal.  The Court denied relief on the second ground, improper prosecutorial comment, finding that the failure to move for mistrial after the defense's objection was sustained constituted a waiver of the error for purposes of appellate review.  Alternatively, the Court found the claim to be without merit.

On March 10, 2010, Perez submitted a writ application to the Louisiana Supreme Court which was denied by the Court without comment on October 8, 2010.[14]  Perez's conviction became

---

[9]St. Rec. Vol. 1 of 6, Reasons for Adjudication under La. Rev. Stat. Ann. § 15:529.1, 5/22/09; Amending Reasons for Judgment, 5/28/09; Multiple Bill Hearing Minutes, 4/21/09; Multiple Bill Hearing Minutes, 5/15/09.

[10]St. Rec. Vol. 1 of 6, Multiple Bill Hearing Minutes, 5/15/09; Motion for New Trial, 10/30/08; Motion for Post-Verdict Judgment of Acquittal, 10/30/08.

[11]St. Rec. Vol. 1 of 6, Sentencing Minutes, 6/12/09.

[12]St. Rec. Vol. 6 of 6, Appeal Brief, 09-KA-1754, p. 7, 10/19/09.

[13]*State v. Perez*, 30 So.3d at 285; *State v. Perez*, 2010 WL 532328, at *1; St. Rec. Vol. 4 of 6, 1st Cir. Opinion, 2009-KA-1754, 2/12/10.

[14]*State v. Perez*, 46 So.3d 1265 (La. 2010); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2010-KO-0605, 10/8/10; Copy La. S. Ct. Writ Application, 2010-KO-0605 (undated); St. Rec. Vol. 3 of 6, La. S. Ct. Letter, 2010-KO-605, 3/17/10 (showing postal meter of 3/10/10).

final 90 days later, on January 6, 2011, because he did not file a writ application with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

In the meantime, on December 10, 2010, Perez submitted an application for post-conviction relief to the Trial Court in which he argued that his Sixth and Fourteenth Amendment rights were violated because he was tried for armed robbery for having a stun gun, which was not classified as a dangerous weapon.[15] The Trial Court denied relief on January 11, 2011, finding that the issue raised was an issue for appeal, and he did not allege a ground for post-conviction relief.[16]

The Louisiana First Circuit denied Perez's related writ application on June 7, 2011, without stated reasons.[17] The Louisiana Supreme Court also denied Perez's writ application to that Court without stated reasons on March 30, 2012.[18]

While those matters were pending, on June 6, 2011, Perez submitted a second application for post-conviction relief to the Trial Court arguing that he was denied his right to appeal because

---

[15]St. Rec. Vol. 4 of 6, Application for Post-Conviction Relief, 1/10/11 (dated 12/10/10).

[16]St. Rec. Vol. 4 of 6, Trial Court Order, 1/11/11.

[17]St. Rec. Vol. 5 of 6, 1st Cir. Order, 2011-KW-0272, 6/7/11; St. Rec. Vol. 6 of 6, 1st Cir. Writ Application, 2011-KW-0272, 2/16/11 (dated 2/2/11); *see also*, St. Rec. Vol. 4 of 6, Notice of Intent to Appeal, 1/21/11; Trial Court Order, 1/24/11 (setting return date 2/24/11).

[18]*State ex rel. Perez v. State*, 85 So.2d 112 (La. 2012); St. Rec. Vol. 5 of 6, La. S. Ct. Order, 2011-KH-1469, 3/30/12; La. S. Ct. Writ Application, 11-KH-1469, 7/6/11; St. Rec. Vol. 4 of 6, La. S. Ct. Letter, 2011-KH-1469, 7/6/11 (showing postmark 7/1/11).

his trial counsel failed to follow-up with the oral motion for appeal.[19]  The Trial Court denied the application on June 30, 2011, as repetitive under La. Code Crim. P. art. 930.4(E).[20]

The Louisiana First Circuit denied without comment Perez's subsequent writ application on October 24, 2011.[21]  On or before November 14, 2011, Perez submitted a writ application to the Louisiana Supreme Court seeking review of the lower courts' orders.[22]  As of this writing, the writ application is still pending before that Court.

## II.    **Federal Petition**

On May 24, 2012, the clerk of this Court filed Perez's federal petition for habeas corpus relief in which he raised two grounds for relief:[23] (1) he was denied a fair and impartial trial under the Sixth and Fourteenth Amendments when the prosecutor made improper statements and comments and gave a personal opinion before the jury; and (2) he was denied his Sixth and Fourteenth Amendment rights when he was tried for armed robbery with a stun gun, which was not classified as a dangerous weapon.

---

[19]St. Rec. Vol. 4 of 6, Application for Post-Conviction Relief, 6/8/11 (dated 6/6/11).

[20]St. Rec. Vol. 4 of 6, Trial Court Order, 6/30/11 (filed 7/5/11).  The Court also noted that challenges to excessive sentence and multiple offender proceedings would not be ground for post-conviction relief citing La. Code Crim. P. art. 930.3 and related case law.

[21]St. Rec. Vol. 5 of 6, 1st Cir. Order, 2011-KW-1594, 10/24/11; St. Rec. Vol. 6 of 6, 1st Cir. Writ Application, 2011-KW-1594, 8/29/11 (dated 8/24/11); *see also*, St. Rec. Vol. 4 of 6, Notice of Intent, 7/25/11; Trial Court Order, 81/11 (setting return date 9/1/11).

[22]St. Rec. Vol. 5 of 6, La. S. Ct. Writ Application, 11-KH-2537, 11/16/11; St. Rec. Vol. 4 of 6, La. S. Ct. Letter, 2011-KH-2537, 11/16/11 (showing postal meter 11/14/11).

[23]Rec. Doc. No. 1, pp. 5, 10, 13.

The State filed an answer and memorandum in opposition to Perez's petition conceding its timeliness and exhaustion of the claims.[24] The State argues that both of Perez's claims were procedurally barred from review by the state courts, and the claims are now in procedural default. Alternatively, the State argues that the claims also fail on the merits.

In his traverse of the State's opposition, Perez argues that his claims should be considered on the merits and relief granted to him.[25]

## III. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[26] applies to this petition, which is deemed filed in this Court no later than March 4, 2012.[27] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in

---

[24]Rec. Doc. Nos. 9, 10.

[25]Rec. Doc. No. 11.

[26]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[27]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Johnson's federal habeas petition on April 18, 2012, when the filing fee was received after denial of his pauper application. Singleton signed the form petition on March 4, 2012. This is the earliest date in the record on which he could have delivered the pleadings to prison officials for mailing. The fact that he later paid the filing fee also would not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

"procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes and the record shows that Perez timely filed his federal petition and his claims are exhausted. The State also argues that Perez's claims are procedurally barred from federal review. The Court will address this defense.

## IV.    Procedural Default

The State has argued that Perez's claims are in procedural default, having been dismissed by the state courts as procedurally barred from review. Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits of the federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125 (1998); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)). The "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review. *Coleman*, 501 U.S. at 731-32, *Amos*, 61 F.3d at 338. This type of procedural default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

Perez's first claim, improper prosecutorial comment, was barred from review by the Louisiana First Circuit on direct appeal for failure to preserve the issue for appeal by motion for mistrial after the defense's objection to the comment was sustained. This was the last reasoned

decision on the issue , since the Louisiana Supreme Court denied Perez's subsequent writ application without stated reasons. *See Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

Perez's second claim, insufficient proof of a dangerous weapon, was barred from post-conviction review, because the claim should have been raised on direct appeal. This ruling was followed through the denial of relief without further comment by the Louisiana First Circuit and the Louisiana Supreme Court.[28] *Ylst*.

The Court must consider whether the bars to review relied upon by the Louisiana courts prohibit consideration of the claims on federal habeas corpus review. As discussed above, for a state-imposed procedural bar to prevent review by this federal habeas court, the bar must be both independent and adequate.

### A.     Independent State Grounds

A dismissal is independent of federal law when the last state court "clearly and expressly" indicated that its judgment rests on a state procedural bar. *Amos*, 61 F.3d at 338. In this case, Louisiana First Circuit denied relief based on state statutory and case law which barred review of Perez's prosecutorial misconduct claim. Specifically, the Court held that state law required Perez to move for mistrial after his objection was sustained in order to preserve the challenge to the comment for appellate review, citing, *inter alia*, *State v. Michel*, 422 So.2d 1115, 1121 (La. 1982)

---

[28]The Court notes that Perez did not raise the denial of the motion to suppress claim in the review sought after the Trial Court's denial of this post-conviction application.

and *State v. Craddock*, 435 So.2d 1110, 1123 (La. App. 1st Cir. 1983), to support this proposition under Louisiana law.

The claim raising insufficient proof of a dangerous weapon was barred from review by the trial court because it was a claim that should have been raised on appeal. Under La. Code Crim. P. art. 930.4(C), a post-conviction application can be dismissed if it raises a claim that could have been raised on direct appeal.

The state courts' rulings were based on Louisiana law setting forth the requirements for preservation and presentation of claims on appellate and post-conviction review. These rulings were therefore independent of federal law and relied strictly on state procedural requirements. *See Bennett v. Whitley*, 41 F.3d 1581 (5th Cir. 1994) (Art. 930.4); *Washington v. Cain*, No. 98-0584, 2000 WL 863980 (E.D. La. June 27, 2000) (Art. 930.4); *see also*, *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

**B.** **Adequate State Grounds**

The question of the adequacy of a state procedural bar is itself a federal question. *Beard v. Kindler*, __U.S.__, 130 S. Ct. 612, 617 (2009) (citing *Lee v. Kemna*, 534 U.S. 362, 375 (2002)). To be adequate, the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Walker v. Martin*, __U.S.__, 131 S.Ct. 1120, 1127 (2011); *Glover*, 128 F.3d at 902. A state procedural rule, however, "can be 'firmly established' and 'regularly followed,' - even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard*, 130 S. Ct. at 618.

In evaluating the adequacy of the rules applied to bar a petitioner's claim, a federal habeas court does not sit to correct errors made by state courts in interpreting and applying state law.

*Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); and citing *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996)); *accord Turner v. Johnson*, 46 F. Supp.2d 655, 674 (S.D. Tex. 1999). Rather, a federal court's analysis focuses on due process considerations, and due process requires only that the Court grant the writ when the errors of the state court make the underlying proceeding fundamentally unfair. *Neyland v. Blackburn*, 785 F.2d 1283, 1293 (5th Cir. 1986) (citing *McAffee v. Procunier*, 761 F.2d 1124, 1126 (5th Cir. 1985)); *Lane v. Jones*, 626 F.2d 1296 (5th Cir. 1980)). In keeping with this rule, a state procedural rule that is applied arbitrarily or in an unexpected manner may be considered inadequate to prevent federal review. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996); *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990).

> A federal court may not second-guess a state court's rule of procedure, but must evaluate whether the rule was actually applicable on the particular facts of the case. Otherwise, state courts could disregard federal rights with impunity simply by using the word "waived."

*United States ex rel. Bradley v. Clark*, No. 99-C-1785, 2002 WL 31133094, at *4 n.2 (N.D. Ill. July 18, 2002).

For this reason, when state courts apply a procedural bar that has no foundation in the record or basis in state law, the federal courts need not honor that bar. *Davis v. Johnson*, No. 00CV684-Y, 2001 WL 611164, at *4 n.10 (N.D. Tex. May 30, 2001); *see also*, *Johnson v. Lensing*, No. 99-0005, 1999 WL 562728, at *4 (E.D. La. July 28, 1999) (Berrigan, J.) (Art. 930.8 bar was not adequate because it was not properly applied under the circumstances of the case); *Poree v. Cain*, No. 97-1546, 1999 WL 518843, at *4 (E.D. La. July 20, 1999) (Mentz, J.) (Art. 930.8 was not adequate to bar review because it was misapplied). It is not, however, within the federal court's province to disagree with the application of the bar; it is only to determine its adequacy. *Lee v. Cain*, No. 03-

2626, 2004 WL 2984274, at *1 n.2 (E.D. La. Dec. 6, 2004) (Vance, J.) (addressing Art. 930.3 as applied to ineffective assistance of counsel claim). Thus, where such foundation and basis does exist, as it does in this case, the bar must stand.

A review of the law reflects that the Louisiana courts regularly rely on their long-standing court created doctrine that a motion for mistrial or admonition is required to preserve a challenge to a prosecutor's comments for appeal. *See e.g.*, *State v. Taylor*, 838 So.2d 729 (La. 2003); *State v. Michel*, 422 So.2d 1115 (La. 1982); *State v. Miles*, 402 So.2d 644 (La. 1981); *State v. Nichols*, 359 So.2d 965 (La. 1978); *State v. Weaver*, 873 So.2d 909 (La. App. 2d Cir. 2004). This doctrine is an extension of Louisiana's procedural requirement under La. Code Crim. P. art. 841 that a contemporaneous objection be lodged to preserve a claim for appellate review. *See State v. Weaver*, 873 So.2d at 917. It is well settled that this contemporaneous objection rule is an "independent and adequate" state procedural ground which bars federal habeas corpus review. *See Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977); *Toney v. Cain*, 24 F.3d 240, 1994 WL 243453, at *2 (5th Cir. May 20, 1994) (Table, Text in Westlaw); *Proctor v. Butler*, 831 F.2d 1251, 1253 (5th Cir. 1987); *Riggins v. Butler*, 705 F. Supp. 1205, 1208 (E.D. La. 1989); *Marshall v. Cain*, No. 04-219, 2006 WL 2414073, at *1 (E.D. La. Aug. 18, 2006) (Zainey, J.) (Order adopting Report and Recommendation); *accord*, *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir. 2002) (citing *Wainwright*, 433 U.S. at 87-88 (Louisiana's contemporaneous objection rule is an adequate state bar to federal review of a defaulted claims)). The procedural bar imposed on Perez's challenge to the prosecutor's comment is also adequate in this case.

The bar to his other claim, under La. Code Crim. P. art. 930.4(C) is equally settled and adequate to bar review of his claim here. As mentioned above, Article 930.4(C) provides for the

dismissal of a post-conviction application that raises a claim that could have been raised on direct appeal. The federal courts have held that the bar imposed under Article 930.4(C) is adequate to foreclose federal review of a claim barred thereunder by the state courts. *Simmons v. Cain*, No. 06-2130, 2008 WL 2185422, at *6 (E.D. La. May 20, 2008) (Berrigan, J.); *Monroe v. Cain*, No. 05-0929, 2006 WL 5507856, at *8 (E.D. La. Oct. 17, 2006) (Report and Recommendation), *adopted as modified on other grounds*, *Monroe v. Cain*, No. 05-0929, 2008 WL 818968, at *1 (E.D. La. Mar. 24, 2008) (Berrigan, J.). The record supports the imposition of this procedural bar, since Perez did not raise this claim on direct appeal and the underlying arguments were available to him at that time. The bar is adequate in this case.

For the foregoing reasons, the bars imposed on Perez's claims of improper prosecutorial comment and insufficient proof of a dangerous weapon are supported by the record and adequate to foreclose review by this federal court. Because the Louisiana courts' decisions rested on independent and adequate state rules of procedural default, this court will not review Perez's claims unless he established one of the following exceptions.

### C. <u>Cause and Prejudice</u>

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover*, 128 F.3d at 902 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262; *Engle v. Isaac*, 456 U.S. 107, 129 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray*

*v. Carrier*, 477 U.S. 478, 488 (1986).  The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.  *Id.*, at 486; *see also, Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309, 1316 (2012) (discussing rule that counsel's error is not cause to overcome a procedural default) (citing *Coleman*, 501 U.S. at 753, 755).

In this case, Perez has not offered any cause for the default which would excuse the procedural bar imposed by the Louisiana courts or as a result of his failure to exhaust.  The Court's review of the record, including Perez's traverse, does not support a finding that any factor external to the defense prevented Perez from raising the claims in a procedurally proper manner.  The record also does not reflect any action or inaction on the part of the State which prevented him from doing so.  In addition, neither pro se status nor ignorance of the law is sufficient cause to excuse a procedural default.  *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown."  *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle*, 456 U.S. at 134 n.43).  Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice.  *Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

Perez's defaulted claims are therefore procedurally barred from review by this federal habeas corpus court.  *See Trest v. Whitley*, 94 F.3d 1005, 1008 (5th Cir. 1996) (habeas review precluded when petitioner neglected to allege actual prejudice and cause of failure to comply with state

procedural rule concerning time restriction on filing for state post-conviction relief), *vacated on other grounds*, 522 U.S. 87 (1998).[29]

### D.    Fundamental Miscarriage of Justice

Perez may avoid this procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed. *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902. To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tx. 1997) (footnote omitted); *Nobles*, 127 F.3d at 423 n. 33 (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.") When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F.3d at 903.

Perez does not present any claim and the record contains nothing that suggests his actual innocence on the underlying conviction. He readily admits his involvement in the crime as proven by the State. The jury in fact reached a lesser included verdict of first degree robbery, which he concedes only requires proof that the victim reasonably believed he was armed with a dangerous

---

[29]The Supreme Court vacated the Fifth Circuit's opinion on grounds that a court of appeals is not <u>required</u> to raise the procedural default argument sua sponte. *Id.*

weapon, not that the stun gun actually was a dangerous weapon. There is no offering of actual innocence in his arguments.

Perez's habeas claims address alleged procedural failings in the state criminal proceedings and not his actual innocence. He presents no evidence or argument of actual innocence that would excuse his procedural default. He, therefore, has failed to overcome the procedural bar to his claims. The claims are procedurally barred and should be dismissed with prejudice.

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Gary Perez's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[30]

New Orleans, Louisiana, this 31st day of August, 2012.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[30]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.