UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


GARY PEREZ                                    CIVIL ACTION

VERSUS                                        NO. 12-1331

BURL CAIN, WARDEN                             SECTION "J" (4)


O R D E R

Before the Court is Petitioner Gary Perez's objection (**Rec. Doc. 13)** to the Report and Recommendation of the United States Magistrate Judge **(Rec. Doc. 12)**. The Court adopts the Report and Recommendation of the Magistrate Judge for the reasons set forth more fully below.

In his objection, Perez argues that he was denied a fair and impartial trial in violation of the Sixth and Fourteenth Amendments when (1) the prosecutor made improper statements to the jury; and, (2) "he was tried for armed robbery with a stun gun, which [is] not classified as a dangerous weapon."(Rec. Doc. 12, p.5) The Magistrate Judge properly found that petitioner's claims are procedurally barred from being heard in a federal habeas proceeding. Federal courts will not review questions of federal law decided by state courts as long as the state court's decision rests on independent state law grounds that are separate from the merits of the federal claim. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991) Such grounds must also be adequate to support the judgment. Id.

The Magistrate Judge properly found that Perez's first claim as to the prosecutor's improper statements was barred from review on direct appeal because his attorney failed to move for a mistrial after the trial court sustained the defendant's objection to the statements. Louisiana law requires that a defendant to move for mistrial after his objection is sustained in order to preserve the challenge for appellate review. State v. Michel, 422 So. 2d 1115, 1121 (La. 1982). Furthermore, the Magistrate Judge properly found that the Louisiana First Circuit Court of Appeals' dismissal of Perez's claim "clearly and expressly" indicated that its judgment rested on the state procedural bar, rather than the merits of the federal claim. See Amos v. Scott, 61 F.3d 333, 338 (5th Cir. 1995).

The Magistrate Judge also reached the correct result in determining that Perez's second claim, that there was insufficient proof of a dangerous weapon, was procedurally barred based on independent state law grounds. Louisiana law sets forth the requirements for preservation and presentation of claims on appellate and post-conviction review. Specifically, Louisiana Code of Criminal Procedure article 930.4(C) allows for dismissal of a post-conviction application if the application raises a claim that the petitioner could have been raised on direct appeal. Id. art. 930.4(C). Perez failed to bring his claim of insufficient proof of a dangerous weapon on appeal. Therefore, the Magistrate Judge's finding that the claim was barred was proper.

Additionally, the Magistrate Judge correctly found that the state procedural rules barring both claims are adequate. Procedural rules barring federal habeas appeals are adequate when they are "strictly or regularly followed and evenhandedly applied to the majority of similar cases." (Rec. Doc. 12, p. 9)(citing Walker v. Martin, __ U.S. __, 131 S. Ct. 1120, 1127 (2011)). Louisiana courts routinely rely on the court created doctrine that a motion for mistrial is required in order to preserve a challenge to prosecutorial comments on appeal. See, e.g., State v. Taylor, 838 So. 2d 729 (La. 2003). This is an extension of Louisiana's procedural requirement under the contemporaneous objection rule, which requires that objections be lodged contemporaneously to preserve claims for appellate review. See State v. Weaver, 873 So. 2d 909, 917 (La. App. 2d Cir. 2004). Federal courts have found that the contemporaneous objection rule is both an adequate ground for barring federal habeas corpus review. See Wainright v. Sykes, 433 U.S. 72, 87-88 (1977); Toney v. Cain, No. 9303607, 1994 WL 243453, * 2 (5th Cir. May 20, 1994). Thus, the Magistrate's ruling is correct.

Lastly, the Magistrate Judge properly found that Perez failed to "offer[] any cause for the default which would excuse the procedural bar imposed by the Louisiana courts." (Rec. Doc. 12, p. 13) In particular, no evidence has been presented that would support a finding that an external factor prevented Perez from

raising his claims on appeal. Moreover, Perez failed to present evidence that would support a "colorable showing of factual innocence," thereby, demonstrating that no fundamental miscarriage of justice would occur by failing to review his claim. See <u>Kuhlman v. Wilson</u>, 477 U.S. 436, 454 (1986).

The Court, having considered the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the Petitioner's objection, approves the Report and Recommendation, **OVERRULES** Petitioner's objection, and adopts the Report and Recommendation as the Court's opinion in this matter. Accordingly,

**IT IS ORDERED** that the petition of Gary Perez for issuance of a writ of habeas corpus under Title 28 U.S.C. § 2254 is hereby **DISMISSED WITH PREJUDICE.**

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE